U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small><br>
M<small>IDDLE</small> D<small>ISTRICT</small> O<small>F</small> F<small>LORIDA</small><br>
O<small>RLANDO</small> D<small>IVISION</small>

**MARIO DIAZ COLON,**

                **Plaintiff,**

**v.**                                   **Case No:   6:19-cv-1184-Orl-18LRH**

**COMMISSIONER OF SOCIAL<br>
SECURITY,**

                **Defendant.**

---

R<small>EPORT AND</small> R<small>ECOMMENDATION</small>

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. 30)** |
| **FILED:** | **June 8, 2020** |

**THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.**    **Background**

In 2009, the Plaintiff filed an application for disability benefits, which was granted.   (Doc. 1 at ¶ 7).   In November 2013, the Social Security Administration informed the Plaintiff that his disability benefits were being reevaluated based on a fraud scheme in Puerto Rico involving a non-attorney representative and four physicians.   (*Id*. at ¶ 8).   On redetermination, the ALJ found the Plaintiff was not disabled, and this decision became the Commissioner of Social Security's

("Commissioner") final decision. (*Id*. at ¶¶ 9-10). As a result, the Plaintiff potentially became liable to the Social Security Administration for any overpayment of benefits. (*See* Docs. 27; 30 at ¶ 15). The Plaintiff filed this action appealing the Commissioner's final decision. (Doc. 1).

On March 26, 2020, the Commissioner filed a consent motion to reverse and remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27). The Court granted the motion, reversed and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), reinstated and continued the Plaintiff's benefits until such time the Commissioner issues a new final decision, and suspended any overpayment collection process until the Plaintiff's case was reconsidered by the Commissioner. (Doc. 28). The Clerk entered judgment accordingly on April 8, 2020. (Doc. 29).

The Plaintiff timely filed a motion requesting an award of $1,888.30 in attorney fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 30 ("Motion")). The Plaintiff states that he assigned any fee award to his counsel (though no assignment has been filed with the Court) and requests that any award be paid in his name but sent to his counsel's address. (*Id*. at ¶ 14). The Plaintiff also requests that the Government be precluded from offsetting any debt that the Plaintiff may owe the Social Security Administration resulting from any overpayment stemming from the redetermination of this case. (*Id*. at ¶ 15). The Motion is unopposed. (*Id*. at ¶ 1).

**II.    Discussion**

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. As discussed below, I find the Plaintiff is eligible to recover EAJA fees and his request for EAJA fees is reasonable.

### A. Eligibility for EAJA Fees

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

#### 1. Prevailing Party

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. (Doc. 28). The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, I find the Plaintiff is a prevailing party.

#### 2. Timely Application

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). As discussed above, the plaintiff then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). The judgment in this case was entered on April 8, 2020, and the Motion was filed 61 days later on June 8, 2020. (Docs. 29; 30). Accordingly, I find the Motion is timely.

### 3. Claimant's Net Worth

The Plaintiff states that he had a net worth of less than $2 million when the complaint was filed. (Doc. 30 at ¶ 4). This statement is uncontroverted. Accordingly, I find the Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – *i.e.* when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that his position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. Here, the Commissioner has not argued that his position was substantially justified. Accordingly, I find the Commissioner's position was not substantially justified.

### 5. No Special Circumstances

Finally, I find no special circumstances would make an award of fees unjust.

### B. Reasonableness of EAJA Fee

The Plaintiff provided the following information detailing the time his counsel spent litigating the case and the requested hourly rate:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Heather Freeman, Esq. | 2019-20 | 9.2 | $205.25 | $1,888.30 |
| | **Total** | | | **$1,888.30** |

(Doc. 30 at ¶¶ 12-13). The Plaintiff has demonstrated that the hourly rate does not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Further, the Plaintiff attached a detailed time sheet

in support of the hours his counsel spent working on the appeal.   (Doc. 30-1).   Upon review, I find the Plaintiff is entitled to recover $1,888.30 in attorney fees and that such fees are reasonable.

### C.  Assignment

The Plaintiff claims that he assigned any fee award to his counsel and that the award, while made out to him, should be sent to his counsel.   (Doc. 30 at ¶ 14).   I interpret this as a request that the EAJA award be paid directly to Plaintiff's counsel pursuant to the assignment.   There are several issues with this request.   A plaintiff, not counsel, is generally entitled to receipt of an EAJA award.  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).   While the Plaintiff claims he assigned his right to the EAJA award to his counsel, he did not file the assignment with the Court.   As a result, there is no way to confirm that the Plaintiff actually assigned his right to the EAJA award.   And even if he did, the assignment apparently occurred before the Motion was filed.   As such, the assignment would not satisfy the Anti-Assignment Act, because it was executed prior to the determination of the EAJA award.  *See Crumbley v. Colvin*, No. 5:13-cv-291(MTT), 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).   Therefore, to the extent the Plaintiff requests that the EAJA award be paid directly to counsel, I recommend that request be denied and the award be paid directly to the Plaintiff.

### D.  Offset of EAJA Award

As a final matter, the Plaintiff notes that due to the Commissioner's redetermination of his disability claim, he may be found to owe a debt to the Social Security Administration.   (Doc. 30 at ¶ 15).   In order to simplify matters, the Plaintiff requests that the Government be precluded from offsetting any debt that the Plaintiff may owe the Social Security Administration resulting from any overpayment stemming from the redetermination of this case.   (*Id.*).   In the Order reversing and

remanding this case, the Court suspended any overpayment collection process until the Plaintiff's case was reconsidered by the Commissioner.  (Doc. 28).   In light of this ruling, as well as the fact that the Plaintiff's motion is unopposed, I find the Plaintiff's request is due to be granted.

**III.    Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1.   The Motion (Doc. 30) be **GRANTED** as follows:

a.   The Plaintiff be awarded a total of $1,888.30 in attorney fees pursuant to the EAJA.

b.   The Government be precluded from offsetting any debt that the Plaintiff may owe the Social Security Administration resulting from any overpayment stemming from the redetermination of this case.

2.   The Motion (Doc. 30) be **DENIED** in all other respects.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on September 25, 2020.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy